John D. Bennett, S.
This is a motion by the petitioner for letters of administration to dismiss as legally insufficient the objections filed to his appointment as administrator.
The grounds for disqualification of an applicant for letters set forth in section 94 of the Surrogate’s Court Act are exclusive, and failure of the objections to fall into any of the subdivisions of section 94 requires a dismissal of the objections (Matter of Foss, 282 App. Div. 509).
The first and third objections complain of petitioner’s failure to keep the respondent informed as. to estate matters, although numerous requests were allegedly made for such information. A further allegation is made that petitioner has treated the assets of the estate as his own. In similar situations where the alleged disqualification of the fiduciary concerns itself with a claim that he is treating estate assets as his own, the practice *753 has been to issue letters, reserving all rights of the objectant until the issue may be directly determined in an accounting proceeding (Butler, New York Surrogate’s Law and Practice [1941-50 Supp.], § 1161). Also the petitioner’s failure to keep respondent informed of estate matters is not one of the grounds provided in section 94 warranting disqualification. Consequently objections 1 and 3 are dismissed, reserving for a proper proceeding the objectant’s right to raise any questions concerning her claim that petitioner is treating estate assets as his own.
Objection 2 is dismissed since petitioner’s failure to apply for letters for over a year after decedent’s death similarly is not one of the enumerated grounds set forth in section 94.
Objection 4, relating to the collection of funds under a fire insurance policy, is dismissed since the disposition of these funds can be explored in an accounting proceeding.
Objection 5 alleges that petitioner is disqualified to act as administrator for lack of understanding of his duties and because of his inability to read and write the English language. Want of understanding is one of the grounds set forth in section 94 which may disqualify an applicant for letters. While the objection is conclusory in nature and may not comply with section 49 of the Surrogate’s Court Act, the court is of the opinion that a hearing will be required since it is also alleged that petitioner can neither read nor write the English language and under section 95 of the Surrogate’s Court Act letters may be refused under such circumstances in the court’s discretion. On such hearing the objectant may introduce evidence of lack of understanding on the part of petitioner. The motion with respect to objection 5 is therefore denied.
The concurrent motion to fix a date for a hearing is disposed of by directing that the order to be submitted hereon provide for a hearing date on which the parties can agree, or which will be fixed by the court.
Settle order on five days’ notice, with three additional days if service is made by mail.